FILED
2015 MAR -5 PM 2:42
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHAZZER ELECTRONICS, INC., a Delaware Corporation

Plaintiff,

vs.

PROTECTIVE SOLUTIONS, INC., a Michigan Corporation, JEFFREY ANDERSON, an Individual, and MIA ANDERSON, an Individual,

Defendants.

Case No.:

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND DEMAND FOR JURY TRIAL

INJUNCTIVE RELIEF SOUGHT

6:15-CV-348-ORL-31DAB

Plaintiff, PHAZZER ELECTRONICS, INC., a Delaware Corporation, ("PHAZZER"), by and through its attorneys, brings this "Complaint" against Defendants PROTECTIVE SOLUTIONS, INC., a Michigan Corporation, JEFFREY ANDERSON, an Individual, and MIA ANDERSON, an Individual ("Defendants"), and alleges as follows:

## PARTIES

1. PHAZZER is, and at all times discussed herein was, a Delaware Corporation, duly formed and validly existing in the State of Delaware with its principal place of business in Osceola County, Florida.

2. On information and belief, Defendant PROTECTIVE SOLUTIONS, INC. is a Michigan Corporation with its principal place of business in Oakland County, Michigan.

3. On information and belief, Defendant JEFFREY ANDERSON is and at all times discussed herein was an individual living in Oakland County, Michigan and an officer of PROTECTIVE SOLUTIONS, INC.

4. On information and belief, Defendant MIA ANDERSON is and at all times discussed herein was an individual living in Oakland County, Michigan and an officer of PROTECTIVE SOLUTIONS, INC.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1114, in that the case arises out of § 43(a) of the Lanham Act for Trademark Infringement. This Court has ancillary jurisdiction to hear all pendant claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b).

## FACTUAL BACKGROUND

7. PHAZZER was formed on July 8, 2009. PHAZZER, *inter alia,* provides stun ammunition, holsters and stun guns.

8. PHAZZER, or its predecessors, began offering services under the name PHAZZER throughout in the United States at least as early as July 8, 2009.

9. PHAZZER is the exclusive licensee of the PHAZZER marks owned by Phazzer IP, LLC, a Nebraska limited liability company, including the following mark granted by the U.S. Patent and Trademark Office ("USPTO"): Phazzer design, U.S. Registration no. 4,002,952 granted on July 26, 2011 in International Class 013 for stun guns; Phazzer (word), U.S. Registration no. 4,181,922 issued on July 31, 2012 in International Class 009 for Binoculars; Bullet-proof vests and clothing; Cellular phones; Day and night vision systems primarily comprising day and night sensors, day and night cameras, power sources, communication means, monitors and operating software; Digital video recorders; Electronic video surveillance products, namely, electronic components of security systems; Eyewear; Eyewear accessories, namely, straps, neck cords and head straps which restrain eyewear from movement on a wearer; Eyewear cases; Global positioning system (GPS); and Phazzer (word), U.S. Registration no. 4,662,575 issued on December 30, 2014 in International Class 013 for ammunition, holsters and stun guns. True and correct copies of the registrations are attached as Exhibit A.

10. PHAZZER has controlled the use of the Phazzer marks through litigation and licensing.

11. At least as early as July 8, 2009, PHAZZER began advertising and offering its stun guns throughout the United States of America. PHAZZER has continued to offer it goods and services in the United States of America until the present day.

12. On or about August 30, 2013, Defendants entered into a distributor agreement with PHAZZER to market, distribute and sell the PHAZZER products in the Great Lake Region. The agreement specifically set forth Florida as a forum for governing law and jurisdiction.

13. On or about June 25, 2014, a letter was sent to Defendants demanding that they cease and desist from using the www.phazzer-usa.com domain name.

14. On or about July 18, 2014, correspondence was sent to Defendants regarding their redirection of the www.phazzer-usa.com domain name to www.protective-solutions.com as unacceptable and demanding assignment of the domain name.

15. On or about July 25, 2014, PHAZZER sent a letter to Defendant Protective Solutions, Inc. Attn.: Jeff Anderson cancelling the distributor agreement.

16. On or about August 6, 2014, PHAZZER sent a trademark claim to the believed registrar of the www.phazzer-usa.com domain name.

17. On or about February 23, 2014, PHAZZER discovered that the the www.phazzer-usa.com domain name is being directed to http://www.protective-solutions.com/products-page/phazzer-cews/.

18. On information and belief, and at all times herein mentioned, Defendants are believed to be the registrants of the domain names www.phazzer-usa.com and www.protective-solutions.com due to the redirection from www.phazzer-usa.com domain name.

19. On information and belief, Defendants have attempted to conceal the ownership of the domain names www.phazzer-usa.com and www.protective-solutions.com by registration through a third party Domains By Proxy, LLC.

20. On information and belief, and at all times herein mentioned, Defendants are and have been operating a business to sell and distribute stun guns after the cancellation of the distributor agreement using the www.phazzer-usa.com domain name.

21. On information and belief, and at all times herein mentioned, Defendants are marketing, *inter alia,* PHAZZER products and other non PHAZZER products using the www.phazzer-usa.com and www.protective-solutions.com domain names

## COUNT I

## TRADEMARK/SERVICE MARK INFRINGEMENT - 15 U.S.C. §1125

22. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

23. At least as early as July 8, 2009, PHAZZER, or its predecessors, began using the Phazzer marks in interstate commerce as a trademark to identify the source of the goods and services it provides in the United States of America.

24. PHAZZER, under an exclusive license agreement, has the right to enforce the PHAZZER marks.

25. PHAZZER has used the service mark continuously from the above date to the present throughout the United States to advertise and promote its goods.

26. PHAZZER's common law use of the name PHAZZER pre-dates any common law use of the name Phazzer by any of the Defendants.

27. PHAZZER has spent substantial sums promoting and advertising its goods and services under the PHAZZER name throughout the United States.

28. Upon information and belief, Defendants' use of the PHAZZER marks in conjunction with a business to sell stun guns and other protective goods and promote training services throughout the United States, and especially in the Great Lake region, using a domain name that is substantially similar to Plaintiff's use of the PHAZZER marks.

29. Upon information and belief, Defendants' acts have caused, and are likely to continue to cause, confusion, mistake or deception in that the public is likely to believe,

mistakenly, that Defendants' use of the PHAZZER mark has its origin or source with Plaintiff, or is in some manner approved by, associated with, sponsored by or connected with Plaintiff, all in violation of 15 U.S.C. §1125(a), §1125(b), *et seq*.

30. Upon information and belief, Defendants' actions were undertaken willfully and with the intent to confuse and deceive the public.

31. Upon information and belief, Defendants' acts have damaged Plaintiff's business, reputation and goodwill and have interfered with Plaintiff's use of its own names and marks.

32. Moreover, upon information and belief, Defendants have caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

33. There is a substantial likelihood that Plaintiff will succeed on the merits of this action.

## COUNT II

## TRADEMARK/SERVICE MARK INFRINGEMENT - 15 U.S.C. §1114

34. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35. On July 26, 2011, the USPTO granted federal registration of the Phazzer design for use with stun guns in International Class 013 to which PHAZZER has an exclusive license agreement.

36. On July 31, 2012, the USPTO granted federal registration of the Phazzer word for use with Binoculars; Bullet-proof vests and clothing; Cellular phones; Day and night vision systems primarily comprising day and night sensors, day and night cameras, power sources, communication means, monitors and operating software; Digital video recorders; Electronic video surveillance products, namely, electronic components of security systems; Eyewear; Eyewear accessories, namely, straps, neck cords and head straps which restrain eyewear from movement on a wearer; Eyewear cases; Global

positioning system (GPS) International Class 009 to which PHAZZER has an exclusive license agreement.

37. On December 30, 2014, the USPTO granted federal registration of the Phazzer word for use with ammunition, holsters and stun guns in International Class 013 to which PHAZZER has an exclusive license agreement.

38. PHAZZER has used the marks continuously since at least as early as July 8, 2009.

39. PHAZZER has spent substantial sums promoting and advertising its services under the Phazzer trademarks.

40. Upon information and belief, Defendants' use of the PHAZZER marks, especially www.phazzer-usa.com domain name, in conjunction with a business to sell stun guns and other protective gear in the United States.

41. Upon information and belief, Defendants' acts have caused, and are likely to continue to cause, confusion, mistake or deception in that the public is likely to believe, mistakenly, that Defendants' use of the Phazzer marks, especially www.phazzer-usa.com domain name, has its origin or source with Plaintiff, or is in some manner approved by, associated with, sponsored by or connected with Plaintiff, all in violation of 15 U.S.C. § 1114, et seq.

42. Upon information and belief, Defendants' actions were undertaken willfully and with the intent to confuse and deceive the public.

43. Upon information and belief, Defendants' acts have damaged Plaintiff's business, reputation and goodwill and have interfered with Plaintiff's use of its own name and mark.

44. Moreover, upon information and belief, Defendants have caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

45. There is a substantial likelihood that Plaintiff will succeed on the merits of this action.

## COUNT III

## TRADEMARK DILUTION BY DEFENDANTS

46. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

47. PHAZZER coined the mark "Phazzer" and has advertised and publicized its Phazzer mark extensively for over five (5) years throughout the United States, including the States of Florida and Michigan. As a result of its inherent distinctiveness and widespread use, the Phazzer mark has acquired a high degree of recognition for ammunition, holsters and stun guns and other protective gear.

48. Upon information and belief, Defendants began using the www.phazzer-usa.com domain name without authorization and continues to use the Phazzer marks and using the www.phazzer-usa.com domain name after cancellation of the distributor agreement and long after PHAZZER's Phazzer marks had already become famous.

49. Upon information and belief, Defendants' use of PHAZZER's Phazzer marks, or variations thereof, have caused, and will continue to cause, dilution of the distinctive quality of the PHAZZER mark in violation of 15 U.S.C. §1125(c).

50. Upon information and belief, Defendants have committed these acts willfully and with the intent to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's famous Phazzer marks.

51. Upon information and belief, Defendants have damaged Plaintiff's business, reputation and goodwill. Moreover, Defendants' acts have caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff for which it has no adequate remedy at law.

52. There is a substantial likelihood that Plaintiff will succeed on the merits of this action.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

53. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54. Upon information and belief, Defendants' acts constitute unfair competition and are an infringement of PHAZZER's common-law rights in its trademarks and business names.

55. Continuously, since at least as early as July 8, 2009, PHAZZER has used the mark PHAZZER to identify its services and business names and to distinguish them from those services and business names offered by third parties, by, among other things, prominently displaying the PHAZZER mark on items used to promote PHAZZER's goods and services.

56. In addition, PHAZZER has prominently displayed its marks and business names on letterheads, bills, advertising, magazines, newspapers, telephone directory advertising, the internet, and other relevant forms of advertising throughout the United States and the world.

57. PHAZZER's advertising had been distributed in the trade area where Defendants are doing business, namely in the Great Lakes region.

58. Upon information and belief, as a result of PHAZZER's extensive advertising and sales under the mark Phazzer, as well as its federally registered trademarks, these marks are recognized as being inherently distinctive in Defendants' trade area.

59. Upon information and belief, as a result of the association by consumers of the Phazzer marks with PHAZZER, Defendants' use of the marks and name with the PHAZZER marks, especially www.phazzer-usa.com domain name, is likely to cause confusion with the public.

60. Upon information and belief, Defendants' actions were undertaken willfully and with the intent to confuse and deceive the public.

61. Upon information and belief, Defendants' acts have damaged Plaintiff's business, reputation and goodwill, and have interfered with Plaintiff's use of its own name and mark.

62. Moreover, upon information and belief, Defendants have caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

63. There is a substantial likelihood that Plaintiff will succeed on the merits of this action.

WHEREFORE, Plaintiff PHAZZER prays for judgment, joint and several, against the Defendants as follows:

A. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. Section 1125(a).

B. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. Section 1125(b).

C. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. Section 1125(c).

E. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. Section 1114.

F. For damages in an amount to be proven at trial for service mark and trade name infringement pursuant to applicable Florida or federal laws including, but not limited, to 15 U.S.C. §1117.

G. For treble damages pursuant to applicable Florida or federal laws including, but not limited to, 15 U.S.C. §1117, as this is an exceptional case.

H. For damages in an amount to be proven at trial for trademark dilution.

I. For damages in an amount to be proven at trial for unfair competition.

J. For Plaintiff's reasonable attorneys' fees and costs incurred herein, which in the event of a default judgment shall be proven to the Court, plus interest on such fees and

1  costs at the statutory rate of ten percent (10%) per annum, and accruing after Judgment
2  until paid in full.
3     K.   For a permanent injunction against the Defendants ordering each of the
4  Defendants to immediately cease and desist from further use of all Phazzer marks and
5  logos in conjunction with any services or goods offered by Defendants, as wells as any
6  marketing, advertisements or domain names owned or utilized by the Defendants in any
7  manner.
8     L.   For such other and further relief as the Court may deem just and equitable.

DATED this 5th day of March, 2015

By: *(signature)*
W. Cleveland Acree, II
Fla. Bar No. 739359
Quintairos, Prieto, Wood & Boyer, P.A.
255 South Orange Avenue, Suite 900
Orlando, Florida 32801
United States
Ofc:  407-872-6011
Fax:  407-872-6012
Email: *cacree@qpwblaw.com*
Attorneys for Plaintiff