# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHAZZER ELECTRONICS, INC., a**
**Delaware Corporation,**

                    **Plaintiff,**

**-vs-**                                                    **Case No.  6:15-cv-348-Orl-31DAB**

**PROTECTIVE SOLUTIONS, INC., a**
**Michigan Corporation, JEFFREY**
**ANDERSON, an Individual, and MIA**
**ANDERSON, an Individual,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT  (Doc. No. 23 )** |
| **FILED:** | **SEPTEMBER 30, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, WITHOUT PREJUDICE.**

Plaintiff, having obtained entry of Clerk's defaults (Doc. 17-19), now moves for default

judgment of monetary damages and issuance of a permanent injunction, against Defendants Protective

Solutions, Inc., a Michigan corporation, and Jeffrey and Mia Anderson (alleged, upon information and

belief, to be Michigan residents and officers of Protective Solutions, Inc.) in this action for trademark

infringement and unfair competition.  The exceptionally brief motion is supported by a Sum Certain

Affidavit (Doc. 25) and the Declaration of Plaintiff's counsel, W. Cleveland Acree, II (Doc. 24). A

proposed Order has been tendered (Doc. 24-2).  No memorandum of law has been filed, and the motion does not cite a single case or statutory authority. No response to the motion has been filed.

### I.  Legal Standard

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations.  In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  This

analysis is equally applicable to a motion for default judgment.  *See De Lotta v. Dezenzo's Italian Restaurant, Inc*., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

Once liability is established, the Court turns to the terms of the judgment.  Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2).  Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to: A) conduct an accounting; B) determine the amount of damages; C) establish the truth of any allegation by evidence; or D) investigate any other matter."  Thus, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

**II. Allegations of the Complaint**

The Complaint alleges that Plaintiff is the exclusive licensee of certain PHAZZER marks, issued on July 26, 2011, July 31, 2012 and December 30, 2014, respectively (Doc. 1, ¶ 9). Plaintiff alleges that "[o]n or about August 30, 2013, Defendants entered into a distributor agreement with PHAZZER to market, distribute and sell the PHAZZER products in the Great Lake Region." (¶ 12).[1] The relationship apparently soured and, as the basis for its claims for trademark/service mark infringement pursuant to 15 U.S.C. §1125 (Count I) and 15 U.S.C. §1114 (Count II), as well as trademark dilution (Count III), and common law unfair competition (Count IV), Plaintiff alleges:

> 13. On or about June 25, 2014, a letter was sent to Defendants demanding that they cease and desist from using the www.phazzer-usa.com domain name.

---

[1] The agreement is not attached to the Complaint or otherwise offered in evidence.

14. On or about July 18, 2014, correspondence was sent to Defendants regarding their redirection of the www.phazzer-usa.com domain name to www.protective-solutions.com as unacceptable and demanding assignment of the domain name.

15. On or about July 25, 2014, PHAZZER sent a letter to Defendant Protective Solutions, Inc. Attn.: Jeff Anderson cancelling the distributor agreement.

16. On or about August 6, 2014, PHAZZER sent a trademark claim to the *believed* registrar of the www.phazzer-usa.com domain name.

17. On or about February 23, 2014, PHAZZER discovered that the www.phazzer-usa.com domain name is being directed to http://www.protectivesolutions.com/products-page/phazzer-cews./.

18. *On information and belief*, and at all times herein mentioned, Defendants are *believed to be* the registrants of the domain names www.phazzer-usa.com and www.protective-solutions.com due to the redirection from www.phazzer-usa.com domain name.

19. *On information and belief*, Defendants have attempted to conceal the ownership of the domain names www.phazzer-usa.com and www.protective-solutions.com by registration through a third party Domains By Proxy, LLC.

20. *On information and belief*, and at all times herein mentioned, Defendants are and have been operating a business to sell and distribute stun guns after the cancellation of the distributor agreement using the www.phazzer-usa.com domain name.

21. *On information and belief*, and at all times herein mentioned, Defendants are marketing, inter alia, PHAZZER products and other non PHAZZER products using the www.phazzer-usa.com and www.protective-solutions.com domain names[.]

(Doc. 1 emphasis added). Plaintiff asserts that "upon information and belief" these actions were done willfully, are likely to cause confusion, and have damaged Plaintiff.

In its Prayer for relief, Plaintiff seeks judgment, joint and several, against the Defendants:

A. For damages "in an amount to be proven at trial" for trademark infringement under 15 U.S.C. Section l 125(a),(b) and (c), and under 15 U.S.C. Section 1114.

B. For damages "in an amount to be proven at trial" for service mark and trade name infringement "pursuant to applicable Florida or federal laws including, but not limited, to 15 U.S.C. §1117."

C. For treble damages pursuant to applicable Florida or federal laws including, but not limited to, 15 U.S.C. § 1117, "as this is an exceptional case."

D. For damages "in an amount to be proven at trial" for trademark dilution and unfair competition.

E. For Plaintiffs reasonable attorneys' fees and costs incurred herein, which in the event of a default judgment shall be proven to the Court, plus interest on such fees and costs at the statutory rate often percent (10%) per annum, and accruing after Judgment until paid in full, and

F. For a permanent injunction against the Defendants ordering each of the Defendants to immediately cease and desist from further use of all Phazzer marks and logos in conjunction with any services or goods offered by Defendants, as well as any marketing, advertisements or domain names owned or utilized by the Defendants in any manner.

(Doc. 1, pp. 9-10).

### III. The Motion and the Evidence before the Court

In its entirety, the motion reads:

Plaintiff, PHAZZER ELECTRONICS, INC., requests that entry of judgment by default be entered against Defendant Protective Solutions, Inc., Defendant Jeffery Anderson and Defendant Mia Anderson pursuant to Federal Rule of Civil Procedure 55(b). In support of this request Plaintiff relies upon the record in this case and the Declaration and Sum Certain Affidavit submitted herein. Plaintiff requests that an order be entered for a permanent injunction against Defendant Protective Solutions, Inc., Defendant Jeffery Anderson and Defendant Mia Anderson to immediately and permanently cease and desist from further use of all PHAZZER marks and logos in conjunction with any services or goods they offer jointly or severally, as well as any other uses of the PHAZZER Marks, including, but not limited to, marketing, advertising, or domain names or website links owned or utilized by Defendants in any manner. In order to forego ongoing, future damages, Plaintiff is also respectfully requesting the Court to order the transfer of ownership in the domain name "phazzer-usa.com" from Defendant Protective Solutions, Inc., Defendant Jeffery Anderson and/or Defendant Mia Anderson to Plaintiff.
Plaintiff is further requesting the Court to order that Defendant Protective Solutions, Inc., Defendant Jeffery Anderson and Defendant Mia Anderson jointly and severally pay Plaintiff sum certain, and admitted damages in the amount of $108,993, together with official Court costs to file the action.

(Doc. 23).

In his Declaration (Doc. 24), Plaintiff's counsel advises that Plaintiff served Requests for Admissions on each of the Defendants over three months after the clerk's defaults were entered.  No

timely responses were received.  Plaintiff contends that "it is axiomatic" that Defendants' failure to timely respond deems the matters set forth in the Requests, which track the "information and belief" allegations of the Complaint in large measure, to be admitted.  No additional evidence of any kind is offered as to liability.

As for damages, Plaintiff offers the Sum Certain Affidavit of Diana Robinson, who manages law enforcement sales, customer service and human resources for the Plaintiff (Doc. 25). Ms. Robinson avers that she is familiar with Plaintiff's sales to the Defendants and attaches to her Affidavit purchase orders of products delivered to the corporate Defendant. The Purchase Orders reflect payment and delivery of the items prior to the alleged cancellation of the distributorship. According to the Affiant, Plaintiff claims damages in the amount of $108,993.00, "based on the difference between the manufacturer's suggested retail price ("MSRP") that it normally receives for each of its products, and the lower, diluted price of Defendants." *Id.*  No other evidence on damages is offered.

### IV. Analysis

The Court finds that the record is insufficient to warrant entry of a default judgment. Plaintiff's showing of liability consists of the unsupported allegations of the Complaint and the post-default "admissions" of Defendants.  As for damages, Plaintiff relies on the "admissions" and the Sum Certain Affidavit.  Missing from Plaintiff's papers is *any* discussion of the causes of action claimed, let alone a showing that the individuals sued are liable for any violations and a legal and factual analysis of the basis of that liability.  A judgment cannot rest on so thin a reed.

While Defendants are held to admit the 'well pled' allegations, the instant Complaint is riddled with conclusory assertions – twenty seven in total – which are based on nothing more than "information and belief."  The Complaint asserts that "Defendants" are "believed to be the registrants

of the domain names www.phazzer-usa.com and www.protective-solutions.com," although these domains are alleged to be registered through a third party.  The Complaint alleges that these Defendants are believed to be marketing PHAZZER and non-phazzer products under these domain names, but neither the Complaint nor the supporting materials set forth a factual basis for that belief.[2] While there is nothing wrong with alleging factual averments conditionally, *see* Rule 11(b)(3), Fed. R. Civ. P. (2015), a default does not transform such conditional statements of belief into established facts.  "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." *In re Superior Air Parts, Inc.*, 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012) *aff'd sub nom. Lycoming Engines v. Superior Air Parts, Inc.*, 3:13-CV-1162-L, 2014 WL 1976757 (N.D. Tex. 2014) (internal citations omitted).

Even if the alleged redirection of the phazzer-usa domain name to the protective-solutions.com domain, standing alone, was enough to support a finding that the corporate Defendant was involved, there are no allegations sufficient to impose personal liability on the individual Defendants for what appear to be corporate acts.[3]  Indeed, there is absolutely nothing to implicate Mia Anderson on this record.

Nor can Plaintiff supplement the inadequate allegations by reliance on post-default failures to respond to Requests for Admissions. "The scope and effect of admissions (like the scope and effect of stipulations) is a matter for determination by the trial court, in the exercise of its broad discretion."

---

[2]The absence of a definitive averment or any evidence on this point is puzzling, as the allegations indicate that the existence of the domain names was discovered well prior to cancellation of the distributorship agreement.

[3]The distributorship agreement is not provided and there is no information as to its terms.  The Court infers from Allegation 15 and the Purchase Orders that the agreement was with the corporate defendant.

*Johnson v. DeSoto County Bd. of Com'rs*, 204 F.3d 1335, 1341 (11th Cir. 2000). Under the circumstances here, the Court cannot find the unanswered Requests sufficient to establish either liability or damages. As the Eleventh Circuit has noted in a similar context:

> Regarding the amount of damages, Florida law makes clear as well that an amount of uncertain damages cannot be established conclusively based on an unanswered Request for Admission. *See Bradford Motor Cars Inc. v. Frem*, 511 So.2d 1120, 1121 (Fla.Dist.Ct.App.1987). Federal law similarly requires a judicial determination of damages absent a factual basis in the record.
> ***
> A court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission that may allege a completely unreasonable or speculative amount of damages with no factual basis.

*Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (no abuse of discretion where the trial court declined to rely on unanswered Requests for Admission and held an evidentiary hearing instead, which resulted in vacating the default judgment and entering final judgment for the defendant); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir.1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award).

Other than the unanswered Requests for Admissions, Plaintiff relies solely on the Sum Certain Declaration of its employee. While the declaration is sufficient to establish that Ms. Robinson is familiar with *Plaintiff's* sales, and can attest to the fact that Plaintiff sold the corporate Defendant certain items during the period of the distributorship agreement, there is nothing in the Affidavit to show that she has any personal knowledge of the sales activities of *Defendants*. As such, there is no credible record evidence of Defendant's sales activities, let alone sales at a "lower, diluted price." Indeed, there is no showing that any of these items was ever resold or even offered for resale by Defendant, or, if they were, when they were resold or that the resale was not appropriate under the

-8-

distribution agreement.  Moreover, because Plaintiff has not clarified its claims with any specificity, and at least one of the marks *post-dates* the advent of the distributorship agreement, Plaintiff has not explained how purchases made by its distributor prior to termination of the distributorship agreement translates to damages.  As another court has noted in rejecting a conclusory declaration of alleged amounts due: "This sort of judicial leap of faith in fixing the amount of a default judgment is fundamentally incompatible with the bright-line requirement that a plaintiff seeking a default judgment must prove its damages by record evidence. Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from . . ." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F.Supp.2d 1287, 1293-94 (S.D.Ala. 2010) (emphasis original).

Finally, there is no support on this record for the injunctive relief sought.  In addition to the lack of specificity regarding proof of the claims discussed above, the Complaint did not include in its Prayer for relief a request that the Court order the transfer of ownership in the domain name "phazzer-usa.com" from Defendant Protective Solutions, Inc., Defendant Jeffery Anderson and/or Defendant Mia Anderson to Plaintiff.  *See* Rule 54(c), Fed. R. Civ. P. (2015). Moreover, even if the Court were to consider this relief, this record is insufficient to establish who "owns" the domain names.

**V. Conclusion**

For the reasons set forth above, it is **respectfully recommended** that the motion be denied, without prejudice to prompt renewal of the motion, upon a **full and appropriate** evidentiary showing.[4]  Any renewed motion must be accompanied by a memorandum of law specifically identifying and discussing the factual and legal basis warranting entry of judgment in the amounts and

---

[4]Should Plaintiff prefer an evidentiary hearing to submissions of Affidavits and other credible evidence, it should request same in its renewal motion.

terms sought. If no renewed and fully supported motion is filed within 14 days of any Order adopting this recommendation, it is **recommended** that the case be dismissed pursuant to Local Rule 1.07(b).

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 27, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy