# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PHAZZER ELECTRONICS, INC., a
Delaware Corporation,**

                    **Plaintiff,**

**-vs-**                                                    **Case No.  6:15-cv-348-Orl-31DAB**

**PROTECTIVE SOLUTIONS, INC., a
Michigan Corporation, JEFFREY
ANDERSON, an Individual, and MIA
ANDERSON, an Individual,**

                    **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motions filed

herein:

| MOTION: | RENEWED MOTION FOR DEFAULT JUDGMENT (Doc. No. 28) |
|---|---|
| FILED: | November 10, 2015 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| MOTION: | MOTION FOR DEFAULT JUDGMENT (Doc. No. 32) |
|---|---|
| FILED: | November 19, 2015 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| MOTION: | AMENDED MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION (Doc. No. 42) |
|---|---|
| FILED: | December 14, 2015 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part. | |

## I. Background

On March 5, 2015, Phazzer Electronic, Inc. ("Phazzer") filed this action for trademark infringement and unfair competition against Protective Solutions, Inc., a Michigan corporation, and Jeffrey and Mia Anderson (alleged, upon information and belief, to be Michigan residents and officers of Protective Solutions, Inc.) (Doc. 1).  Service was had and, upon no response, clerk's defaults were entered against Defendants on April 20, 2015 (Docs. 17-19).  As Plaintiff took no further action, the District Judge ordered Plaintiff to show cause why the case should not be dismissed for failure to timely file a motion for default judgment (Doc. 20, issued June 30, 2015).  Plaintiff successfully sought an extension of time (Docs. 21-22), and, on September 30, 2015, Plaintiff filed its first Motion for Default Judgment and Permanent Injunction (Doc. 23).  Upon review, the undersigned issued a detailed Report and Recommended that it be denied, without prejudice, finding the record insufficient to warrant entry of judgment and noting that Plaintiff did not provide *"any* discussion of the causes of action claimed, let alone a showing that the individuals sued are liable for any violations and a legal and factual analysis of the basis of that liability" (Doc. 26).  Importantly, the Report recommended that:

> the motion be denied, "without prejudice to prompt renewal of the motion, upon a **full and appropriate** evidentiary showing.[ ]  Any renewed motion must be accompanied by a memorandum of law specifically identifying and discussing the factual and legal basis warranting entry of judgment in the amounts and terms sought.

(Doc. 26, pp. 9-10-emphasis original).  In a footnote, the Court advised: "Should Plaintiff prefer an evidentiary hearing to submissions of Affidavits and other credible evidence, it should request same in its renewal motion."

Plaintiff filed objections to that Report (Doc. 30) and a Renewed Motion for Default Judgment (Doc. 28).  The District Judge overruled Plaintiff's objections to the recommendation, and adopted the Report, directing Plaintiff to re-file the motion "in compliance with Judge Baker's

recommendation," by November 27, 2015 (Doc. 31).  Plaintiff then filed its "Further Renewed Motion," which merely "referr[ed] to, and incorporat[ed] by reference, its Renewed Motion for Default Judgment previously filed on October 28, 2015, with all the Exhibits annexed thereto" (Doc. 32).  On the same date, Plaintiff filed another Objection (Doc. 34), which the District Judge denied, construing the paper as a motion for reconsideration of its Order adopting the Report and Recommendation (Doc. 35).

On December 8, 2015, Defendants filed a Motion to Dismiss for lack of personal jurisdiction (Doc. 39), later amended to correct scrivener's errors (Doc. 42).  On December 28, 2015, Plaintiff filed its response (Doc. 45).  The Court held a hearing on the pending motions on January 14, 2016 (Doc. 48).   Shortly before the hearing, Plaintiff filed what it purports is a copy of a Distributor/Agency Agreement between Plaintiff and Defendant Protective Solutions, Inc. (Doc. 47-1).

At issue in the papers is whether the Court has personal jurisdiction over these Michigan Defendants; whether Defendants waived that issue by failing to move to vacate the default; and, if the Court has jurisdiction, whether entry of a default judgment is appropriate.  Upon review of the papers,[1] argument, and the controlling law, the undersigned concludes that Defendants appropriately raised the jurisdictional issue and Plaintiff has failed to show personal jurisdiction over any Defendant, thus mooting the remaining issues. It is therefore **respectfully recommended** that the clerk's defaults be **vacated;** the motion to dismiss for lack of personal jurisdiction be **granted** and the Complaint **dismissed**, with leave to amend against the corporate defendant only (assuming sufficient allegations of personal jurisdiction over the corporation can be made consistent with Rule 11); and the  motions for default judgment be **denied, as moot**.

---

[1]As discussed further herein, there is no "evidence" submitted.

## II. Legal Standard

The applicable legal standard has been recently summarized by Judge Presnell:

The Court considers two questions in resolving whether personal jurisdiction exists. "First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Mut. Serv. Ins. Co. v. Frit Indus.*, 358 F.3d 1312, 1319 (11th Cir. 2004). "Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution...." *Id.* The Due Process Clause "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A plaintiff seeking to establish personal jurisdiction over a non-resident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The facts alleged in the complaint are taken as true to the extent that they are not controverted by the defendant's affidavits. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). However, a court need not accept legal conclusions or those facts that are not well pled. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (noting that "*only* the well pled facts of plaintiff's complaint...must be accepted as true" (emphasis added)). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Mazer*, 556 F.3d at 1274 (quoting *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002)).

*Jordan v. Travis Wolff, LLP*, No. 6:15cv570-ORL31KRS, 2015 WL 7076963, at *3 (M.D. Fla. Nov. 13, 2015). *See also Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013) [2] (noting that the plaintiff "bears the burden of making out a prima facie case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion," citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).)

Pursuant to pertinent provisions of Florida's long arm statute:

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits

---

[2] Unpublished opinions are not binding, but are cited for their persuasive authority. *See* Eleventh Circuit Rule 36-2.

himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

2. Committing a tortious act within this state.

* * *

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193 (2013).

### III. Analysis

*Personal Jurisdiction*

Florida's long-arm statute provides for two distinct categories of personal jurisdiction: specific jurisdiction conferred under § 48.193(1) and general jurisdiction conferred under § 48.193(2). "A court may exercise specific jurisdiction over a non-resident defendant only when plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state. Alternatively, a court may exercise general jurisdiction when the suit does not arise out of the non-residents's activities in the forum state so long as the non-resident is engaged in substantial and not isolated activity in the state." *Consol. Mgmt. Sols., Inc. v. Dennis*, No. 3:07-CV-1192-J16-MCR, 2008 WL 2694107, at *3 (M.D. Fla. July 7, 2008). As the plaintiff bears the burden of alleging in the complaint sufficient facts to make out a prima facie case of personal jurisdiction, the Court reviews the instant Complaint for existence of pertinent allegations.

Notably, there is no specific allegation in the Complaint with respect to the basis of personal jurisdiction. The individual Defendants are alleged to be Michigan residents and the corporate Defendant is a citizen of Michigan (Doc. 1, ¶¶ 2-3). Plaintiff is alleged to be the exclusive licensee of certain PHAZZER marks, issued on July 26, 2011, July 31, 2012 and December 30, 2014, respectively (¶ 9). Plaintiff alleges that "[o]n or about August 30, 2013, Defendants entered into a

distributor agreement with PHAZZER to market, distribute and sell the PHAZZER products *in the Great Lake Region*. The agreement specifically set forth Florida as a forum for governing law and jurisdiction." (¶ 12-emphasis added).[3]  The relationship apparently soured and, as the basis for its claims for trademark/service mark infringement pursuant to 15 U.S.C. §1125 (Count I) and 15 U.S.C. §1114 (Count II), as well as trademark dilution (Count III), and common law unfair competition (Count IV), Plaintiff alleges:

> 13. On or about June 25, 2014, a letter *was sent to* Defendants demanding that they cease and desist from using the www.phazzer-usa.com domain name.
> 14. On or about July 18, 2014, correspondence *was sent to* Defendants regarding their redirection of the www.phazzer-usa.com domain name to www.protective-solutions.com as unacceptable and demanding assignment of the domain name.
> 15. On or about July 25, 2014, *PHAZZER sent a letter to Defendant* Protective Solutions, Inc. Attn.: Jeff Anderson cancelling the distributor agreement.
> 16. On or about August 6, 2014, *PHAZZER sent* a trademark claim to the *believed* registrar of the www.phazzer-usa.com domain name.
> 17. On or about February 23, 2014, PHAZZER discovered that the www.phazzer-usa.com domain name is being directed to http://www.protectivesolutions.com/products-page/phazzer-cews./.
> 18. *On information and belief*, and at all times herein mentioned, Defendants are *believed to be* the registrants of the domain names www.phazzer-usa.com and www.protective-solutions.com due to the redirection from www.phazzer-usa.com domain name.
> 19. *On information and belief*, Defendants have attempted to conceal the ownership of the domain names www.phazzer-usa.com and www.protective-solutions.com by registration through a third party Domains By Proxy, LLC.
> 20. *On information and belief*, and at all times herein mentioned, Defendants are and have been operating a business to sell and distribute stun guns after the cancellation of the distributor agreement using the www.phazzer-usa.com domain name.
> 21. *On information and belief*, and at all times herein mentioned, Defendants are marketing, inter alia, PHAZZER products and other non PHAZZER products using the www.phazzer-usa.com and www.protective-solutions.com domain names[.]

(Doc. 1 emphasis added). Plaintiff asserts that "upon information and belief" these actions were done willfully, are likely to cause confusion, and have damaged Plaintiff.  The Court finds that none of

---

[3]The agreement is not attached to the Complaint.

these allegations, individually or collectively, meet Plaintiff's burden of alleging facts sufficient to make out a prima facie case of personal jurisdiction over these Defendants in this forum.

There are no allegations that any Defendant is "operating, conducting, engaging in, or carrying on a business or business venture in this state," and no such conclusion can be inferred from the facts pled. Defendants are Michigan residents and the agreement referenced between Plaintiff and the corporate defendant (and *only* the corporation) was allegedly for the corporate defendant to sell products in the Great Lakes Region.  There are no allegations of any kind with respect to the individuals conducting business in Florida and no evidence of a Florida office or other in-state presence. As this District has recognized: "The fact that a foreign defendant contracts with a Florida resident is not enough to establish personal jurisdiction over the foreign defendant." *Walack v. Worldwide Mach. Sales, Inc.*, 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003). Accordingly the court does not have personal jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a)(1).

Assuming Plaintiff is seeking to invoke § 48.193(1)(a)(2), the Complaint does not allege facts to support a showing that any defendant committed a tortious act in the state. At hearing, Plaintiff argued only that the distributorship agreement was negotiated by phone and email in Florida, invoices were sent from Florida, and payments were received by Plaintiff in Florida.  This is not enough.  As the Supreme Court of Florida has recognized, committing a tortious act within Florida under this section can occur by making telephonic, electronic, or written communications into Florida, *provided* that the tort alleged arises from such communications. *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002). Even assuming Plaintiff had tendered *evidence* of communications into Florida,[4] "[a] court may exercise specific jurisdiction over a non-resident defendant only when plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." *Consol. Mgmt. Sols., Inc.,*

___

[4]The Court is puzzled by Plaintiff's failure to comply with the Court's direction to provide an evidentiary showing.  Unauthenticated documents and argument of counsel are not evidence.

*supra*. All of the contacts mentioned here are related to the execution and performance of a distributorship agreement, but all of the claims in the Complaint are based on alleged trademark infringements. There are no claims for breach of contract pled and no allegations that any Defendant committed trademark infringement *in Florida*. Indeed, the existence of such a contract and the asserted fact that the parties were acting pursuant to a contract negates any inference that the execution and performance of the contract constitutes trademark infringement.

Even if the distributorship agreement was properly presented (it was not attached to the Complaint and is not accompanied by any Affidavit or other showing of authenticity), nothing in that document is relevant here. The agreement is purported to be between the corporate defendant and Plaintiff, and cannot serve to waive rights of the individual Defendants. More importantly, although Plaintiff alleges that "[t]he agreement specifically set forth Florida as a forum for governing law and jurisdiction," the provision relied upon *actually* states:

> **Applicable Governing Law and Jurisdiction**: This Agreement shall be governed by the laws of the State of Nebraska or Florida. PhaZZer has the right to receive an injunction from a court of this jurisdiction if the agreement is breached.

(Doc. 47-1, p. 5).

As Plaintiff is not suing for breach of this agreement but for trademark infringement, a provision that a particular law shall govern construction of a contract that is not at issue is of no moment here. Finally, even if the agreement were relevant here, the provision is ambiguous, at best, and is not a consent by Defendants to personal jurisdiction in Florida. Jurisdiction cannot be premised on this prong.

Having concluded that there are no specific bases for the exercise of long-arm jurisdiction over Defendants, the Court turns to the general basis of personal jurisdiction, and concludes that Plaintiff has failed to identify any substantial and not isolated activity committed by Defendants within the state. Indeed, Plaintiff conceded at hearing that it had no evidence or allegations sufficient to show

that this Court had personal jurisdiction over Mr. And Mrs. Anderson.  Absent any supported basis for invoking Florida's long arm statute, the Court does not reach the second step of whether exercise of personal jurisdiction over Defendants would violate the Due Process Clause. Personal Jurisdiction over Defendants has not been established.

*Waiver*

Notwithstanding the lack of personal jurisdiction, Plaintiff argues that Defendants have waived this issue by their failure to vacate the default.  Defendants counter that the law with respect to limited appearances is inconsistent and, if they had moved to vacate, that action itself could have been interpreted as a waiver of the jurisdictional objection.  Under the circumstances presented here, the Court finds no waiver.

"A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Moreover,  "a party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its *first* Rule 12 motion, other responsive pleading or general appearance. Fed.R.Civ.P. 12(h)." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n. 21 (11th Cir. 2009)(emphasis added).  However, "Rule 12(h) contemplates an implied waiver of a personal jurisdiction defense by defendants who appear before a court to deny the allegations of a complaint, but who fail to make personal jurisdiction objections at the time of their appearance." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002) (no waiver of personal jurisdiction defense raised after default judgment).  "A defendant normally only waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010).  Further, "[a] waiver of a personal jurisdiction defense by conduct or appearance is not readily found." *In re Trasylol Products Liab. Litig.-MDL-1928*, No. 08-CV-81212, 2011 WL 5529934, at *2

(S.D.Fla. July 21, 2011) (finding no such waiver as defendant had not engaged in extensive discovery or motion practice).

Applied here, Defendants have not engaged in any discovery or motion practice and asserted the lack of personal jurisdiction in their first and only Rule 12 motion to dismiss.  Although that motion was filed *after* the entry of a clerk's default, this is of no moment, as "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Baragona, supra*, quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Plaintiff cites no pertinent authority otherwise.

As the Court finds a lack of personal jurisdiction over the Defendants, the clerk's defaults should be vacated, mooting the motions for default judgment.

### IV. Recommendation

For the foregoing reasons, it is **respectfully recommended as follows:**

1. As Plaintiff has failed to show personal jurisdiction over any Defendant it is **recommended** that the motion to dismiss be **granted, with leave to amend within a time certain**, assuming sufficient allegations of personal jurisdiction can be pled consistent with Rule 11, against the corporate Defendant only;[5]

2.  If the foregoing recommendation is adopted, it is further **recommended** that the Clerk's defaults be vacated and the Motions for Entry of Default Judgment be **denied.**

---

[5]This recommendation is based on Plaintiff's admission at hearing that it had no basis for *this* Court to exercise personal jurisdiction over the individual defendants.  This, of course, does not preclude Plaintiff from pursuing any claims it may have against the individual defendants in a court which may have such jurisdiction. As a practical matter, to the extent Plaintiff wishes to pursue claims in one suit against all three Defendants, it should consider doing so in Michigan.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on January 20, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy